FILED
February 22, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
By: _____DT_____
          Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | **I N D I C T M E N T** |
| | § | |
| Plaintiff, | § | CT 1: 18 U.S.C. § 933 – Trafficking in Firearms |
| | § | |
| v. | § | |
| | § | CT 2: 18 U.S.C. § 932 – Straw Purchasing of Firearms |
| (1) JOSE ALEXIS PADILLA, and | § | |
| (2) ERICK ARENAS PASCUAL, | § | |
| | § | CT 3: 18 U.S.C. §§ 371, 554 – Conspiracy to Smuggle Goods from the United States |
| Defendants. | § | |
| | § | |
| | § | CT 4: 18 U.S.C. § 554 – Smuggling Goods From the United States |
| | § | |
| | § | CTS 5-7: 18 U.S.C. §§ 922(a)(6), 924(a)(2) – False Statement During a Firearm Acquisition |
| | § | |
| | § | CT 8: U.S.C. §1326(a) – Illegal Re-Entry |
| | § | |
| | § | *Notice of Government's Demand for Forfeiture* |

Case No: EP:23-CR-00292-DCG

## INTRODUCTION

At all relevant times during this Indictment, Title 18, United States Code, Section 923(g)(1)(A) required all Federal Firearms Licensees to keep accurate records of importation, production, shipment, receipt sale or other disposition of firearms at the place of business. One of the records Federal Firearms Licensees (FFLs) are required to keep is the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Firearm Transaction Record (Form 4473). The ATF Form 4473 requires the Buyer of the firearm to fill out Section B, which requires the Buyer's full name, address, date of birth, and other identifying information. Additionally, Question 21a on the Form 4473 asks whether the person completing the form is the "actual transferee/buyer of the firearm(s) listed on the form." The question also includes a warning that "[y]ou are not the actual

transferee/buyer if you are acquiring the firearm(s) on behalf of another person. If you are not the actual transferee/buyer, the licensee cannot transfer the firearm(s) to you."

Additionally, the purchaser's certification, documented with a signature in block "22." of the Form 4473, explicitly states that making any false oral or written statement, or exhibiting any false or misrepresented identification with respect to this transaction is a crime punishable as a felony under Federal Law.

Further, firearms are defense articles described in Category 1(a) of the United States Munitions List contained in Title 22, Code of Federal Regulations, Section 121.1. Under 22 U.S.C. § 2778, an individual may export or attempt to export defense articles out of the United States only if he or she has received a license or written approval from the Department of State.

THE GRAND JURY CHARGES:

<u>**COUNT ONE**</u>
**(18 U.S.C. § 933)**

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about April 1, 2022, and continuing until on or about January 25, 2023, in the Western District of Texas, and elsewhere, Defendants,

**(1) JOSE ALEXIS PADILLA, and
(2) ERICK ARENAS PASCUAL,**

did knowingly and willfully combine, conspire, confederate, and agree to commit offenses against the United States, namely: to willfully and knowingly ship, transport, cause to be transported, or otherwise dispose of firearms to another person, or receive firearms, to wit: (1) a Girsan, Model MC28SAT, 9mm handgun, serial number T6368-21AV00504; (2) a Zastava, Model ZPAP92, 7.62x39mm AK-Type handgun, serial number Z92-104933; (3) a Smith & Wesson, Model M&P 2.0, 9mm handgun, serial number SBH4512; (4) a Smith & Wesson, Model SD9VE, 9mm

handgun, serial number FDL4779, and other firearms in or otherwise affecting interstate or foreign commerce, knowing or having reasonable cause to believe that the use, carrying, possession, or receipt of the firearm by the recipient would constitute a felony, all in violation of Title 18, United States Code, Section 933.

## COUNT TWO
## (18 U.S.C. § 932)

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about April 1, 2022, and continuing until on or about January 25, 2023, in the Western District of Texas, and elsewhere, Defendants,

**(1) JOSE ALEXIS PADILLA, and**
**(2) ERICK ARENAS PASCUAL**

did knowingly purchase, or conspire to purchase, firearms to wit: (1) a Girsan, Model MC28SAT, 9mm handgun, serial number T6368-21AV00504; (2) a Zastava, Model ZPAP92, 7.62x39mm AK-Type handgun, serial number Z92-104933; (3) a Smith & Wesson, Model M&P 2.0, 9mm handgun, serial number SBH4512; (4) a Smith & Wesson, Model SD9VE, 9mm handgun, serial number FDL4779, and others, in or otherwise affecting interstate or foreign commerce, for, on behalf of, or at the request or demand of any other person, knowing or having reasonable cause to believe that such other person intended to use, carry, possess, or sell or otherwise dispose of the firearms in furtherance of a felony, to wit: smuggling the firearms to Mexico in violation of Title 18, United States Code, Section 554, all in violation of Title 18, United States Code, Section 932.

## COUNT THREE
## (18 U.S.C. §§ 371, 554)

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about April 1, 2022, and continuing until on or about January 25, 2023, within the Western District of Texas, and elsewhere, the Defendants,

**(1) JOSE ALEXIS PADILLA, and**
**(2) ERICK ARENAS PASCUAL,**

and others known and unknown to the grand jury, knowingly and willfully did combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to commit the following offenses against the United States, that is, knowingly and unlawfully conceal, buy, and facilitate the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: several firearms, all in violation of Title 18, United States Code, Sections, 371 and 554.

## OVERT ACTS

One or more of the Defendants committed at least one of the following overt acts in furtherance of the conspiracy:

1. On or about April 1, 2022, Defendant **(1) JOSE ALEXIS PADILLA** purchased a Girsan, Model MC28SAT, 9mm handgun, serial number T6368-21AV00504.

2. On or about July 15, 2022, Defendant **(1) JOSE ALEXIS PADILLA** purchased a Zastava, Model ZPAP92, 7.62x39mm AK-Type handgun, serial number Z92-104933.

3. On or about January 21, 2023, Defendant **(1) JOSE ALEXIS PADILLA** purchased a Smith & Wesson, Model M&P 2.0, 9mm handgun, serial number SBH4512.

4. On or about January 24, 2023, Defendant **(1) JOSE ALEXIS PADILLA** purchased a Smith & Wesson, Model SD9VE, 9mm handgun, serial number FDL4779.

5. On January 25, 2023, Defendant **(2) ERICK ARENAS PASCUAL** drove Defendant **(1) JOSE ALEXIS PADILLA** to the Federal Firearm Licensees to complete a firearm purchase.

6. **(2) ERICK ARENAS PASCUAL** facilitated the purchase and transportation of the firearms purchased by Defendant **(1) JOSE ALEXIS PADILLA.**

## COUNT FOUR
### (18 U.S.C. § 554)

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

Beginning on or about April 1, 2022, and continuing until on or about January 25, 2023, in the Western District of Texas, and elsewhere, Defendants,

**(1) JOSE ALEXIS PADILLA, and
(2) ERICK ARENAS PASCUAL,**

knowingly and unlawfully concealed, bought, and facilitated the transportation and concealment of any merchandise, article and object, prior to exportation, knowing the same to be intended for exportation from the United States, contrary to any law or regulation of the United States, to-wit: several firearms, all in violation of Title 18, United States Code, Section 554.

## COUNT FIVE
### (18 U.S.C. §§ 922(a)(6), & 924(a)(2))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

That on or about July 15, 2022, within the Western District of Texas, the Defendant,

**(1) JOSE ALEXIS PADILLA,**

in connection with acquisition of a firearm, to wit: a Zastava, Model ZPAP92, 7.62x39mm AK-Type handgun, serial number Z92-104933 from G.C., a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, Defendant, **(1) JOSE ALEXIS PADILLA,** knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearm to Defendant, **(1) JOSE ALEXIS PADILLA,** under Chapter 44 of Title 18, in that Defendant, **(1) JOSE ALEXIS PADILLA,** stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the

answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact Defendant, **(1) JOSE ALEXIS PADILLA** knew he was in fact not the actual buyer of the firearm listed on the form, as he was purchasing the firearm for another person, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## COUNT SIX
### (18 U.S.C. §§ 922(a)(6), & 924(a)(2))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

That on or about January 21, 2023, within the Western District of Texas, the Defendant,

**(1) JOSE ALEXIS PADILLA,**

in connection with acquisition of a firearm, to wit: a Smith & Wesson, Model M&P 2.0, 9mm handgun, serial number SBH4512 from G. C., a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, Defendant, **(1) JOSE ALEXIS PADILLA**, knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearm to Defendant, **(1) JOSE ALEXIS PADILLA**, under Chapter 44 of Title 18, in that Defendant, **(1) JOSE ALEXIS PADILLA**, stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact Defendant, **(1) JOSE ALEXIS PADILLA** knew he was in fact not the actual buyer of the firearm listed on the form, as he was purchasing the firearm for another person, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## COUNT SEVEN
### (18 U.S.C. §§ 922(a)(6), & 924(a)(2))

The Grand Jury re-alleges and incorporates by reference the Introduction as if fully set out herein.

That on or about January 24, 2023, within the Western District of Texas, the Defendant,

**(1) JOSE ALEXIS PADILLA,**

in connection with acquisition of a firearm, to wit: a Smith & Wesson, Model SD9VE, 9mm handgun, serial number FDL4779 from G. C., a licensed firearms dealer within the meaning of Chapter 44, Title 18, United States Code, Defendant, **(1) JOSE ALEXIS PADILLA**, knowingly made a false and fictitious written statement intended and likely to deceive said dealer as to a fact material to the lawfulness of the acquisition and sale of said firearm to Defendant, **(1) JOSE ALEXIS PADILLA**, under Chapter 44 of Title 18, in that Defendant, **(1) JOSE ALEXIS PADILLA**, stated and represented on a Bureau of Alcohol, Tobacco and Firearms Form 4473 the answer "yes" in response to the question, "Are you the actual transferee/buyer of the firearm(s) listed on this form?" when in fact Defendant, **(1) JOSE ALEXIS PADILLA** knew he was in fact not the actual buyer of the firearm listed on the form, as he was purchasing the firearm for another person, and not for himself, in violation of Title 18, United States Code, Sections 922(a)(6) & 924(a)(2).

## COUNT EIGHT
### (8 U.S.C. § 1326(a))

On or about January 25, 2023, in the Western District of Texas, Defendant,

**(2) ERICK ARENAS PASCUAL,**

an alien, who had previously been excluded, deported, and removed from the United States, attempted to enter, entered, and was found in the United States, without having previously received express consent to reapply for admission from the United States Attorney General and the

Secretary of Homeland Security, the successor pursuant to Title 6, United States Code, Sections 202(3), 202(4) and 557, in violation of Title 8, United States Code, Section 1326(a).

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
[*See* Fed. R. Crim. 32.2]

I.
### Conspiracy to Smuggle Goods from the United States Violation and Forfeiture Statutes
[Title 18 U.S.C. §§ 371 and 554, subject to forfeiture pursuant to Title 18 U.S.C § 981 (a)(1)(c), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461]

As a result of the foregoing criminal violations set forth above in Counts One and Two, the United States of America gives notice to Defendants **(1) JOSE ALEXIS PADILLA AND (2) ERICK ARENAS PASCUAL** listed in Counts Three and Four, of its intent to seek the forfeiture of the properties described below upon conviction and pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 981(a)(1)(c), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461, which states:

> **Title 18 U.S.C. § 981. Civil Forfeiture**
> (a)(1) The following property is subject to forfeiture to the United States:
> * * *
> (C) Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation . . . of this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

II.
### Firearms Violation and Forfeiture Statutes
[Title 18 U.S.C. § 922(a)(6) and 924(a)(2), subject to forfeiture pursuant to Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c)]

As a result of the foregoing criminal violations set forth above in Counts Five through Seven, the United States of America gives notice to the Defendant **(1) JOSE ALEXIS PADILLA** of its intent to seek the forfeiture of the properties described below upon conviction pursuant to FED. R. CRIM. P. 32.2 and Title 18 U.S.C. § 924(d)(1), as made applicable to criminal forfeiture by Title 28 U.S.C. § 2461(c). Section 924 states, in pertinent part, the following:

**Title 18 U.S.C. § 924.**
  **(d)(1)** Any firearm or ammunition involved in or used in any knowing violation of subsection (a)(4), (a)(6), (f), (g), (h), (i), (j), or (k) of section 922, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(*l*), or knowing violation of section 924, shall be subject to seizure and forfeiture under the provisions of this chapter. . .

This Notice of Demand for Forfeiture includes but is not limited to the properties described below in Paragraphs III and IV.

### III.
### Properties

1. Zastava, Model ZPAP92, 7.62x39mm AK-Type handgun, serial Z92-104933;
2. Smith & Wesson, Model M&P 2.0, 9mm handgun, serial number SBH4512;
3. Smith & Wesson, Model SD9VE, 9mm handgun, serial number FDL4779;
4. Any and all firearms, ammunition, and/or accessories involved in or used in the commission of the criminal offense.

### IV.
### Money Judgment

**Money Judgment**: A sum of money that represents the value of the property involved in the violations set forth in Counts One through Five of the Indictment for which Defendants **(1) JOSE ALEXIS PADILLA AND (2) ERICK ARENSA PASCUAL,** are individually liable.

### Substitute Assets

If any of the property described above as being subject to forfeiture for the violations set forth above, as a result of any act or omission of the Defendants:

  a. cannot be located upon the exercise of due diligence;
  b. has been transferred or sold to, or deposited with, a third party;
  c. has been placed beyond the jurisdiction of the court;
  d. has been substantially diminished in value; or
  e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America to seek forfeiture of any other property, up to the value of said money judgment, as substitute assets pursuant to Title 21 U.S.C. 853(p) and Fed. R. Crim. P. 32.2(e)(1).

A TRUE BILL.

███████████████████████

FOREPERSON OF THE GRAND JURY

JAIME ESPARZA
UNITED STATES ATTORNEY

BY: _____
　　　Assistant United States Attorney